**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 10, 2026

Application GRANTED. The conference previously scheduled for February 11, 2026 is adjourned *sine die*. The parties shall file a letter updating the Court on the status of the case by **February 13, 2026**.

SO ORDERED.

Jennifer H. Rearden

Jennifer H. Rearden, U.S.D.J.
Dated: February 10, 2026

**By ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Cabrera Castro v. Francis, et al.*, No. 26 Civ. 1063 (JHR)

Dear Judge Rearden:

This Office represents the Government in the above-referenced immigration habeas corpus action, brought by Jose Eduardo Cabrera Castro ("Petitioner"), an alien challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). On February 10, the Court issued an order scheduling a conference for February 11 at 11:00 a.m. and directing the parties to confer and file a joint letter by 5:00 p.m. today, indicating whether a conference is necessary and addressing how the Court should handle the present Petition. ECF No. 4. The Court further directed the Government to address (1) whether jurisdiction/venue is proper in the Southern District of New York; and (2) whether, "if Respondents assert that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A), there is any basis to distinguish this case from *Weng v. Genalo*, No. 25 Civ. 9595 (JHR), 2026 WL 194248 (S.D.N.Y. Jan. 25, 2026), (and, if not, whether Petitioner would consent to denial of the writ—subject to preservation of Petitioner's arguments for appeal)." *Id.*

The parties write respectfully to respond to the Court's order. In short, the parties agree that the scheduled conference and full briefing is not necessary at this time. However, Petitioner's counsel needs additional time to confer with his client, and thus the parties respectfully request that they be permitted to file a status letter with the Court by the end of the day on Friday, February 13. The Government writes separately below in response to the Court's questions directed at the Government.

**<u>The Government's Response to the Court's Questions</u>**

First, Petitioner was detained within the Southern District of New York at the time the habeas petition was filed, and so venue is proper in this Court. Second, with respect to the Court's question concerning its decision in *Weng*, the short answer is no, this case is not materially distinguishable, and thus, the Government submits that the Court's decision *Weng* would control the result in this case if the Court adheres to it. The primary legal issue presented in the Petition concerns the statutory authority for Petitioner's detention—whether it is 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A)—and the attendant due process issues stemming from such authority. This Court has already resolved that issue in *Weng* and *Espinoza Lopez v. Noem*, 26 Civ. 345 (JHR), 2026 WL 266597 (S.D.N.Y. Feb. 2, 2026), concluding that § 1225(b)(2)(A), not § 1226, was the

correct detention authority for an applicant for admission. This case is not materially distinguishable from those decisions.

## I. Factual Background

On May 27, 2015, Petitioner, a native and citizen of El Salvador, unlawfully entered the United States at or near Hidalgo, Texas, and was apprehended by U.S. Customs and Border Protection ("CBP"). Petitioner was transported to the Fort Brown Border Patrol Station for processing, where he admitted that he had crossed the border unlawfully. Although Petitioner was initially processed for expedited removal, he expressed a fear of returning to El Salvador. On July 8, 2015, an Asylum Officer issued Petitioner a Form I-862, Notice to Appear ("NTA") charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien not in possession of a valid travel document at the time of application for admission, directing him to appear before immigration court. On July 21, 2015, ICE served on Petitioner a Form I-286, Notice of Custody Redetermination, and Form I-200, Warrant for Arrest of Alien.

Petitioner appeared before the immigration court in Oakdale, Louisiana at a bond hearing on August 27, 2015, at which time he was ordered released from custody under bond. Petitioner posted bond on September 1, 2015, and was released on the same date. April 19, 2016, Petitioner's motion to change venue to New York was granted. Between 2016 and 2023, Petitioner attended approximately seven master calendar hearings. On January 5, 2023, Petitioner filed a motion to terminate proceedings with immigration court, which was granted on January 20, 2023.

On June 30, 2023, Petitioner filed an application for an immigration benefit with U.S. Citizenship and Immigration Services ("USCIS"), which is pending as of today.

On January 15, 2026, ICE arrested Petitioner at the USCIS office in Holtsville, New York, pursuant to a warrant for arrest, which was served on Petitioner the same date. Petitioner was transported to the Nassau County ICE Intake office, and then to the Nassau County Correctional Center on the same date. On January 17, 2026, he was transferred to the Orange County Jail in Goshen, New York, where he is currently detained pursuant to 8 U.S.C. § 1225(b)(2)(A). He is currently scheduled to appear for another master calendar hearing before immigration court on February 19, 2026.

## II. *Weng v. Genalo* and *Espinoza Lopez v. Noem*

### A. *Weng*

On January 25, 2026, this Court issued a decision on the principal question presented in this action in a similar habeas case challenging an alien's apprehension by ICE at a scheduled appointment at 26 Federal Plaza, and his subsequent detention under 8 U.S.C. § 1225(b)(2)(A). *Weng*, 2026 WL 194248, at *2. In *Weng*, the petitioner illegally entered the United States in November 2024 and filed an application for asylum in the interim, but was taken into custody by ICE in November 2024 and detained pending the resolution of his removal proceedings. *Id.* The petitioner filed a habeas petition seeking release from ICE custody or, in the alternative, an order declaring that he was entitled to a bond hearing. *Id.* at *2. He contended that in November 2024, he was released into the United States under 8 U.S.C. § 1226, and that ICE had violated his statutory and constitutional rights by later detaining him under 8 U.S.C. § 1225(b)(2)(A). *Id.*

This Court found that the undisputed facts showed "entered the United States … without having been paroled or admitted" and was charged as "charged ... with removability." *Id.* at *1, 7. Based on these facts, this Court determined that 8 U.S.C. § 1225(b)(2) governed detention, because Petitioner "remains 'on the threshold of initial entry,' as a matter of law." *Id.* (quoting *Liang v. Almodovar*, No. 25 Civ. 9322 (MKV), 2025 WL 3641512 (S.D.N.Y. Dec. 15, 2025). In so doing, this Court disagreed with numerous judges in this district and other jurisdictions who have held that "1225(b)(2) simply does not apply to any alien who is 'already in the country.'" *Id.* at *4 (citing *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025); *J.G.O. v. Francis*, No. 25 Civ. 7233 (AS), 2025 WL 3040142, at *3 (S.D.N.Y. Oct. 28, 2025); *Tumba v. Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *3 (S.D.N.Y. Nov. 4, 2025)). This Court further held that, although other judges in this district have interpreted Section 1225 to apply to aliens who are "actively seek[ing] admission," the statute specifically defined the term "applicant for admission" to "include an 'alien present in the United States who has not been admitted." *Id.* at *3 (quoting 8 U.S.C. § 1225(a)).

**B. *Espinoza Lopez***

On February 2, 2026, this Court issued a second decision on the same principal question presented in this action in another habeas case challenging ICE's apprehension of an alien who was encountered in East Elmhurst, New York, and his detention under 8 U.S.C. § 1225(b)(2)(A). *Espinoza Lopez*, 2025 WL 266597, at *1. This Court relied on *Weng* and again held that "'an alien present in the United States who ha[d] not been admitted'—that is, 'who ha[d] not lawfully entered'—the Court deemed him 'an applicant for admission.'" *Id.* at *2 (*Weng*, 2026 WL 194248, at *3). Accordingly, this Court held that the petitioner "'shall be detained' pending resolution of his removal proceedings." *Id.* (citing 8 U.S.C. § 1225(b)(2)(A)).

This Court also considered whether the petitioner's detention under Section 1225(b) comports with due process, and held that it did, because for an applicant for admission such as petitioner, "'[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.'" *Id.* (quoting *Weng*, 2026 WL 194248, at *7 (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953))).

## III. Discussion

**A. Petitioner's Detention Under Section 1225(b) Comports with Due Process**

In Count One of his Petition, Petitioner alleges that his detention should be under 8 U.S.C. § 1226(a), not under 8 § 1225(b)(2)(A), and is therefore unlawful. Pet. at 24. Petitioner, who unlawfully entered the United States without inspection or admission, is lawfully detained pursuant to Section 1225(b)(2)(A) because he is deemed an applicant for admission and thus is treated for constitutional purposes as if he had been stopped at the border. Neither his procedural nor substantive due process rights have been violated. As set forth in the government's arguments in opposition to a similar due process challenge in *Weng* (attached), the Supreme Court has made clear that "[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *cf. Guzman v. Tippy*, 130 F.3d 64, 66 (2d Cir. 1997) (the rights of excluded aliens "are determined by the procedures established by Congress and not by the due process protections of the Fifth

Amendment"). This case is not materially distinguishable from the Court's decisions in *Weng* and *Espinoza Lopez*, and so, to conserve judicial resources and to expedite the Court's consideration of this case, the Government is content to rely upon, and incorporate by reference, the legal arguments it presented in *Weng*.

**B. Petitioner's Challenges to His Detention Under Section 1225(b) Fail**

Petitioner alleges in Count Two and Three that his detention violates substantive due process under the Fifth Amendment and the Immigration and Nationality Act. Pet. at 24. As noted above, this Court has already resolved nearly identical claims, holding that that "'an alien present in the United States who ha[d] not been admitted'—that is, 'who ha[d] not lawfully entered'—the Court deemed him 'an applicant for admission.'" and therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Espinoza Lopez v. Noem et al.*, 26 Civ. 345, 2026 WL 266597 at *2 (S.D.N.Y. Feb. 2, 2026) (quoting *Weng*, 2026 WL 194248, at *3). There is no basis to distinguish this case from the Court's prior rulings, and so this Court's decisions in *Weng* and *Espinoza Lopez* should control the result in this case if the Court adheres to its prior decisions. Similar to *Weng*, Petitioner is an alien who illegally entered the United States without inspection or admission and is deemed an inadmissible applicant for admission. Thus, he is lawfully detained pursuant to § 1225(b)(2)(A). Again, to conserve judicial resources and to expedite the Court's consideration of this case, the Government is content to rely upon the legal arguments it presented in *Weng* and *Espinoza Lopez*, as the legal issues and arguments are the same. However, should the Court request it, Respondents are prepared to submit a formal brief in this matter.

**C. Petitioner Cannot Challenge his Detention Under the Administrative Procedure Act**

In Count Four, Petitioner broadly claims that Respondents' actions violated Petitioner's rights under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Pet. at 25, 26. But the APA permits judicial review of agency action only when, *inter alia*, "there is no other adequate remedy in a court." 5 U.S.C. § 704. The Supreme Court has made clear that where an alien's claims for relief "'necessarily imply the invalidity' of their confinement," those claims "must be brought in habeas" and not as APA claims. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025); *see also id.* at 674 (Kavanaugh, J., concurring) ("[G]iven 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' . . . habeas corpus, not the APA, is the proper vehicle here."). For this reason, Petitioner's APA claims should be denied as well. The claims nonetheless fail for the same reason that Petitioner's other claims fail: Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2)(A), and he is not entitled to receive a bond hearing.

Accordingly, for the reasons set forth above and in the government's briefs in *Weng* and *Espinoza Lopez*, the government respectfully requests that the Court deny this habeas petition.[1]

---

[1] For the Court's awareness, the Fifth Circuit issued a published opinion finding that § 1225(b)(2)(A) is the proper detention authority in similar circumstances. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 at *6, (5th Cir. Feb. 6, 2026). There is also an

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: s/ *Tudor M. Neagu*
TUDOR M. NEAGU
Special Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (646) 906-5441
E-mail: tudor.neagu@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (via ECF)

Attachments

appeal on this issue pending at the Second Circuit. *See Da Cunha v. Moniz*, No. 25-3141 (2d Cir.) (government opening brief filed Jan. 16, 2026; appeal expedited).