Crowell

Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
+1.212.223.4000 main
+1.212.223.4134 fax

April 14, 2026

By **April 20, 2026**, Petitioner is directed to file a status update regarding whether he has been "re-detain[ed] . . . under immigration authority." *See* ECF No. 21. If Petitioner has not been re-detained, the letter shall address whether his Petition is moot.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: April 17, 2026

**VIA ECF**

Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Castro v. Francis et al., No. 26 Civ. 1063 (JHR)*

Dear Judge Rearden:

Petitioner respectfully submits this letter to bring to the Court's attention several material developments, both factual and legal, that bear on the disposition of the pending petition.

On or about March 28, 2026, Mr. Cabrera Castro resolved his pending criminal matters in Suffolk County. He pleaded guilty to Criminal Contempt in the Second Degree, N.Y. Penal Law § 215.50(3), a class A misdemeanor. All other charges, including Obstruction of Breathing or Blood Circulation, N.Y. Penal Law § 121.11, were dismissed. Mr. Cabrera Castro was sentenced to sixty days of incarceration, which he is currently serving at the Suffolk County Correctional Facility in Yaphank, New York. His anticipated discharge date is April 16, 2026.

This conviction does not affect Mr. Cabrera Castro's eligibility for adjustment of status under the Special Immigrant Juvenile Status ("SIJS") framework. Criminal Contempt in the Second Degree is not an aggravated felony, is not a crime involving moral turpitude, and does not trigger any of the inadmissibility grounds listed in 8 U.S.C. § 1255(h)(2)(B). Mr. Cabrera Castro's SIJS classification and his statutory eligibility for adjustment remain intact.

Upon his release on April 16, 2026, Mr. Cabrera Castro will have completed his criminal sentence in full. The critical question at that point is whether Respondents will re-detain him under immigration authority. If so, his continued detention, without any pending criminal matter and with a clean resolution of the charges against him, would further underscore the constitutional and statutory deficiencies set forth in the Amended Petition and reply.

Petitioner also notes that the Second Circuit heard expedited oral argument on April 6, 2026, in *Barbosa da Cunha v. Moniz*, No. 25-3141 (2d Cir.), on the application of 8 U.S.C. § 1225(b)(2)(A) to individuals arrested in the interior of the country. The appeal arises from a district court order granting habeas relief and directing that the petitioner receive a bond hearing. That case presents the same statutory question at issue here, and a decision is expected in the near term. Any ruling from the

Second Circuit will bear directly on the statutory question presented in Mr. Cabrera Castro's petition. Petitioner's request for oral argument, filed on April 10, 2026, remains pending.

Petitioner respectfully requests that the Court consider these developments in connection with the pending petition and is grateful to the Court for its continued consideration.

Respectfully submitted,

*/s/ Alexander Urbelis*
Alexander Urbelis
James K. Stronski
Tara Singh (*application pending*)
Allison Fleming
Crowell & Moring LLP
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Pro Bono Counsel for Petitioner

*/s/ Kevin Siegel*
Kevin Siegel
National Law Immigration Center
P.O. Box 34573
Washington, DC 20043
Pro Bono Counsel for Petitioner

cc: Counsel of Record (via ECF)