UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 13, 2026
```

JOSE EDUARDO CABRERA CASTRO,

                         Petitioner,

               -v.-

LADEON FRANCIS et al.,

                         Respondents.

26 Civ. 01063 (JHR)

MEMORANDUM OPINION &
ORDER

JENNIFER H. REARDEN, District Judge:

On February 6, 2026, Petitioner Jose Eduardo Cabrera Castro filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* ECF No. 1.  On February 9, 2026, the Court ordered the parties to appear for a case management conference on February 11, 2026 and to file a joint letter, by no later than February 10, 2026, "stating whether the conference is necessary and addressing how the Court should handle this petition."  ECF No. 4.  On February 10, 2026, the parties informed the Court that "the scheduled conference and full briefing [were] not necessary at [that] time" and requested leave "to file a status letter with the Court" the following week, ECF No. 7, which the Court granted, ECF No. 8.  On February 13, 2026, the parties proposed a schedule for briefing an amended petition, ECF No. 9, which the Court adopted, ECF No. 10.  Pursuant to that schedule, Petitioner filed an amended petition (the "Amended Petition") on March 6, 2026.  ECF No. 11.  Respondents filed their opposition on May 20, 2026, ECF No. 13, and Petitioner replied on April 10, 2026, ECF No. 19.

## I.    BACKGROUND

On March 28, 2026, Petitioner "pleaded guilty to Criminal Contempt in the Second Degree, N.Y. Penal Law § 215.50(3), a class A misdemeanor" and "was sentenced to sixty days of incarceration . . . at the Suffolk County Correctional Facility in Yapank, New York."  ECF No. 21.  On April 14, 2026, Petitioner notified the Court that his "anticipated discharge date

wa[s] April 16, 2026." *Id.* Because it was uncertain "whether Respondents w[ould] re-detain [Petitioner] under immigration authority" following his discharge, *id.*, the Court ordered Petitioner to provide a status update by April 20, 2026, ECF No. 22. On that date, Petitioner confirmed that, "following completion of his sixty-day criminal sentence, [he] was taken into [Immigration and Customs Enforcement ('ICE')] custody." ECF No. 23.

On April 28, 2026, the Second Circuit issued its decision in *Barbosa Da Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 (2d Cir. 2026), which held, as relevant here, that "Section 1225(b)(2)(A) does not apply to . . . noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." Instead, according to *Da Cunha*, Section 1226(a) "governs detention of [such] noncitizens." *Id.* at *2.

On May 12, 2026, Respondents "acknowledge[d] that *Barbosa [D]a Cunha* likely counsels treating [Petitioner] as subject to detention under 8 U.S.C. § 1226" and "submit[ted] that the proper remedy is a bond hearing." ECF No. 26.

## II.    DISCUSSION

Section 1226(a) provides that, for a noncitizen who is "arrested and detained" "[o]n a warrant issued by the Attorney General," the Attorney General (1) "may continue to detain" the arrested noncitizen, (2) "may release" the noncitizen on "bond," or (3) "may release" the noncitizen on "conditional parole." 8 U.S.C. §§ 1226(a)(1)-(2). Given that Respondents "acknowledge[] that *Barbosa [D]a Cunha* likely counsels treating [Petitioner] as subject to detention under 8 U.S.C. § 1226," ECF No. 26, and that, "[u]nder § 1226(a), a noncitizen is entitled to an individualized bond hearing at the outset of detention to assess danger and flight risk," *Romero v. Francis*, No. 25 Civ. 8112 (JGK), 2025 WL 3110459, at *3 (S.D.N.Y. Nov. 6,

2025), the Court orders Respondents to provide Petitioner with "a bond hearing before an Immigration Judge pursuant to Section 1226(a)," *Sun v. Almodovar*, No. 25 Civ. 9262 (PKC), 2025 WL 3241268, at *2 (S.D.N.Y. Nov. 20, 2025).  *See, e.g., Barbakadze v. Flanagan*, No. 25 Civ. 10182 (JGK), 2025 WL 3719620, at *2 (S.D.N.Y. Dec. 23, 2025) ("To the extent that [petitioner] requests immediate release before this Court, that request is denied."); *Da Cunha v. Freden*, No. 25 Civ. 6532 (MAV), 2025 WL 3280575, at *7 (W.D.N.Y. Nov. 25, 2025) ("find[ing]," on October 20, 2025, "that Petitioner was detained under § 1226(a)" on September 26, 2025 and, "[a]s such, [that] he [wa]s entitled to a bond hearing at the outset of detention as established by existing federal regulations" (internal citations omitted)), *aff'd*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Sun*, 2025 WL 3241268, at *2 (ordering, on November 20, 2025, that petitioner, who had been detained since November 5, 2025, was entitled to a bond hearing); *Romero*, 2025 WL 3110459, at *3 (ordering, on November 6, 2025, that petitioner, who had been detained since September 25, 2025, was entitled to a bond hearing). "While [28 U.S.C.] § 2241 does not include a statutory exhaustion requirement, district courts in this Circuit have recognized such a requirement as a prudential matter before immigration detention may be challenged in federal court by a writ of habeas corpus." *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018) (denying, on January 4, 2018, habeas petition filed on December 7, 2017 that challenged detention dating to October 31, 2017, where a bond hearing was scheduled for January 5, 2018); *see Barbakadze*, 2025 WL 3719620, at *2 (holding, on December 23, 2025, that petitioner, who had been in custody since December 8, 2025, "must first exhaust available remedies in his immigration proceedings," and ordering a bond hearing).

### III.    CONCLUSION

For the foregoing reasons, the Amended Petition is GRANTED.  Respondents are ORDERED to cause an individualized bond hearing for Petitioner to be conducted before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) by **Thursday, May 21, 2026.**  *See, e.g.*, *Sun*, 2025 WL 3241268, at *3 (ordering, after petitioner had been detained for fifteen days, that an "individualized bond hearing . . . be conducted . . . within six (6) business days"); *Barbakadze*, 2025 WL 3719620, at *2 (ordering, after petitioner had been detained for fifteen days, "a bond hearing . . . within seven (7) days"); *Wang v. Genalo*, No. 25 Civ. 9460 (JGK), 2025 WL 3471222, at *1 (S.D.N.Y. Dec. 3, 2025) (ordering, after petitioner had been detained for twenty-one days, "a bond hearing . . . within seven (7) days"); *Da Cunha*, 2025 WL 3280575, at *7 (ordering, after petitioner had been detained for twenty-four days, "a bond hearing . . . within ten (10) days"); *cf. Xiaoquan Chen v. Almodovar*, No. 25-3169, ECF No. 49.1 (2d Cir. May 6, 2026) (ordering, after petitioner had been detained for approximately seven months, *see Chen v. Almodovar*, 815 F. Supp. 3d 314, 317 (S.D.N.Y. 2025), "that Petitioner be released . . . pending disposition of his appeal").

"At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight."  *See, e.g.*, *Wang*, 2025 WL 3471222, at *1; *Velasco Lopez v. Decker*, 978 F.3d 842, 856-57 (2d Cir. 2020) (upholding order "requiring the Government to prove that [petitioner] is a danger to the community or a flight risk by clear and convincing evidence to justify his continued detention").

If the Immigration Judge orders Petitioner's release, Respondents are directed to (i) inform counsel for Petitioner as to the expected time and place of Petitioner's release, (ii) immediately transport Petitioner back to the Southern District of New York, and (iii) immediately upon effectuating his transfer, release him from custody.

Respondents are further directed to file a letter updating the Court on the status of this matter by **Friday, May 22, 2026**.

SO ORDERED.

Dated: May 14, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge